IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| EXTRA STORAGE SPACE, LLC, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: RDB-07-2351 |
| | * | |
| MAISEL-HOLLINS DEVELOPMENT, CO., *et al.*, | * | |
| Defendants. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

Plaintiff Extra Storage Space, LLC ("Plaintiff" or "Extra Storage") filed this trademark infringement action against Defendants Maisel-Hollins Development Co. ("Maisel-Hollins"), Extra Space Management Co. LLC, Annapolis Self Storage Limited Partnership LLP, Silver Spring Extra Space LLC, and Post Management Co. (collectively "Defendants"). Presently before this Court is the Defendants' Motion to Stay on abstention grounds in favor of a pending state court action in the Circuit Court for Montgomery County, Maryland, pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). (Paper No. 14.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the Defendants' Motion to Stay is DENIED.

## **BACKGROUND AND PROCEDURAL HISTORY**

The background of this case involves two concurrent lawsuits arising out of the parties' desire to use their respective service marks in Maryland. On June 26, 2007, Maisel-Hollins, one of several Defendants in this case, filed a lawsuit against Extra Storage, the lone Plaintiff in this

case, and thirteen of its affiliates in the Circuit Court for Montgomery County.  In that case, Maisel-Hollins alleged that Extra Space and its thirteen affiliates infringed a Maryland-registered service mark, "EXTRA SPACE SELF STORAGE," in violation of the Maisel-Hollins's common law and state registration rights.  Extra Space filed its answer on September 5, 2007 without filing any counterclaims.

Instead, also on September 5, 2007, Extra Space filed the instant action in this Court alleging infringement of its federally registered service mark, "EXTRA SPACE STORAGE."[1] In this case, Extra Space named the lone plaintiff in the state case, Maisel-Hollins, and five of its affiliates as Defendants.  Extra Space has alleged an infringement of its federally registered service mark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, common law service mark infringement and unfair competition, false designation of origin arising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), false advertising arising under Section 43(a) of the Lanham Act, *id.*, dilution arising under Section 43(c)(1) of the Lanham Act, 15 U.S.C. § 1125(c), and fraudulent registration of its registered service mark under Section 1-413 of the Maryland Code of Business Regulation.  The affiliates of Extra Space were not initially involved in this matter.

On November 12, 2007, the Defendants filed their answer in this action (Paper No. 16) and alleged counterclaims against Extra Space and, for the first time, the thirteen affiliates that were named as defendants in the state court action. (Paper No. 13.)  On the same day, the Defendants filed the pending Motion to Stay.  (Paper No. 14).  On November 29, 2007, the

---

[1] According to the Defendants, the Plaintiff registered its service mark with the United States Patent and Trademark Office in 1998 or 1999, while the Defendants' predecessor in title registered its service mark with the Office of the Maryland Secretary of State in 2003.

Plaintiff filed a response (Paper No. 17) and, on December 19, 2007, the Defendants filed their reply. (Paper No. 19.)

## DISCUSSION

The Defendants' sole contention in their Motion to Stay is that this Court should abstain from hearing this case under the abstention doctrine articulated by the Supreme Court of the United States in *Colorado River* on the grounds that a duplicative action is also currently pending in the Circuit Court for Montgomery County, Maryland. In *Colorado River*, the Supreme Court made clear that the pendency of a similar action in state court does not pose an absolute bar to proceeding with the federal action. 424 U.S. at 817. As a general rule, "our dual system of federal and state governments allows parallel actions to proceed to judgment until one becomes preclusive of the other." *Chase Brexton Health Servs., Inc. v. Maryland*, 411 F.3d 457, 462 (4th Cir. 2005). Indeed, federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given to them, *Colorado River*, 424 U.S. at 817, and "have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not." *Chase Brexton*, 411 F.3d at 462 (quoting *Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 404, 5 L.Ed. 257 (1821)).

There is, however, an "extraordinary and narrow exception" to exercising jurisdiction. *Colorado River*, 424 U.S. at 813. A federal district court may abstain from hearing a case over which it has jurisdiction in "exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Id.* (quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959)). The burden for the party seeking a stay in federal court is high: "[T]he task [of the district court] is to ascertain whether

there exist 'exceptional' circumstances, the 'clearest of justifications,' . . . to justify the surrender of jurisdiction." *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25-26 (1983) (citation and internal quotation marks omitted).

Abstention under *Colorado River* is only appropriate if this Court first determines that the federal and state suits are parallel. Next, this Court must balance several factors to determine whether the case represents an "exceptional circumstance." The following six such factors have been identified by the United States Court of Appeals for the Fourth Circuit: "(1) whether the subject matter of the litigation involves property where the first court may assume *in rem* jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights." *Chase Brexton*, 411 F.3d at 463-64.

Under this two-pronged test, this Court finds that the Defendants have failed to meet either prong. First, the claim brought by the Plaintiff in this Court is not a parallel proceeding to the one brought by Maisel-Hollins in the Circuit Court for Montgomery County for the purposes of *Colorado River* abstention. Second, the Defendants have failed to overcome the heavy hurdle of establishing that the Plaintiff's case warrants abstention under the six factors outlined above.

**I.     Parallel Proceedings**

Simultaneous federal and state suits are deemed parallel if "substantially the same parties litigate substantially the same issues." *New Beckley Mining Co. v. Int'l Union, UMWA*, 946 F.2d 1072, 1073 (4th Cir. 1991). The Fourth Circuit has reviewed the similarities between concurrent

federal and state suits in three key respects: 1) the parties; 2) the legal issues; and 3) the remedy sought. *See, e.g., Great American Ins. Co., v. Gross*, 468 F.3d 199, 207-08 (4th Cir. 2006) (reviewing all three in determining that the district court erred in dismissing the suit on *Colorado River* abstention grounds). There is sufficient disparity between the cases pending before this Court and the Circuit Court for Montgomery County to find that they are not parallel proceedings.

Although the parties in the concurrent suits need not be identical, the Fourth Circuit has strictly construed the requirement that the parties be substantially the same. *Great American Ins.*, 468 F.3d at 208 (requiring that the parties be "virtually identical"). Because Extra Space has chosen to litigate its claims in this Court as opposed to filing a counterclaim in state court, four Defendants, all affiliates of Maisel-Hollins, are parties in this case that are not such in the state court action.[2] Conversely, although Maisel-Hollins named fourteen separate defendants in the state court action, only Extra Space is a named plaintiff in this case.[3]

In addition, the issues raised in this Court are not "substantially" identical to the ones brought in the Circuit Court for Montgomery County. Extra Space has filed claims in this Court under the Lanham Act and for common law service mark infringement that are not presently

---

[2] Specifically, Extra Space Management Co. LLC, Annapolis Self Storage Limited Partnership LLP, Silver Spring Extra Space LLC, and Post Management Co. are not named in the state court action. Maisel-Hollins, a Defendant in this case, is the only named Plaintiff in the state court action.

[3] Extra Space's thirteen affiliates, however, have since been included in this case by way of Defendants' counterclaim, which included verbatim the language contained in their state court pleadings. As the Plaintiff aptly notes, the "Defendants cannot create an overlap of parties and issues simply by incorporating their state law claims [in this Court] and then claim that abstention in favor of the more limited state case is appropriate." (Pl.'s Opp'n Defs.' Mot. Stay 7.)

before the Circuit Court for Montgomery County.  The Supreme Court has admonished that it would be a "serious abuse of discretion" for a district court to abstain under *Colorado River* unless it "concludes that the parallel-state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses H. Cone,* 460 U.S. at 28.  Moreover, the Court further explained that "the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case." *Id.*  Because the Circuit Court for Montgomery County will not address many of the claims alleged in this Court, it cannot provide a complete resolution to the issues between the parties.  *See McLauglin v. United Va. Bank*, 995 F.2d 930, 935 (4th Cir. 1992) (finding that concurrent federal and state cases were not parallel in part because the federal case included a breach of contract claim that was not present in the state court case).  Indeed, if this Court were to grant Defendants' Motion to Stay, outstanding legal issues would remain unresolved at the completion of the case in state court.  Therefore, the issues in the concurrent cases are not substantially similar.

Lastly, the suits appear to seek different remedies.  *See New Beckley Mining Co.*, 946 F.2d at 1074 (noting that "[a] difference in remedies is a factor counseling denial of a motion to abstain").  Extra Space asserts that "there is no cause of action [in state court] requesting a determination as to Maisel-Hollins or the Maisel-Hollins affiliates' ability to use their claimed state mark, or for Extra Space to recover damages." (Pl.'s Opp'n Defs.' Mot. Stay 7.)  As an obvious corollary to issues being raised in this case that were not pled in state court, this Court can potentially provide remedies unavailable in the more limited state court action.  On the other hand, the Defendants counterclaimed in this Court seeking precisely the same remedies that they

6

have in the Circuit Court for Montgomery County.

In sum, some factual overlap between the federal and state suits is insufficient: "The *Colorado River* doctrine does not give federal courts *carte blanche* to decline to hear cases within their jurisdiction merely because issues or factual disputes in those cases may be addressed in past or pending proceedings before state tribunals." *New Beckley Mining Co.*, 946 F.2d at 1074 (quoting *U.S. v. SCM Corp.*, 615 F. Supp. 411, 417 (D. Md. 1985)); *see also, e.g., Al-Abood v. Elshamari*, 217 F.3d 225, 232 (4th Cir. 2000) ("Although the two proceedings have certain facts and arguments in common, the legal issues are not substantially the same."). The concurrent federal and state suits differ with respect to the parties involved, the issues alleged, and the damages requested, and are consequently not parallel for purposes of *Colorado River* abstention.

**II.     Exceptional Circumstances**

Even if the Plaintiff's action in this Court were parallel to the action brought by the Defendants in state court, the *Colorado River* abstention doctrine is nonetheless inapplicable. As outlined above, the Fourth Circuit has prescribed six factors to be applied. *Chase Brexton*, 411 F.3d at 463-64. This Court, however, does not begin its analysis with the balance of factors in equipoise. Instead, "the balance [is] heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16. Balancing these factors, this Court finds that the Defendants have not overcome the heavy burden against abstention.

There is no real property at issue in this case, so the *first* factor—whether the subject matter of the state litigation involves a *res*—is not at issue. (Defs.' Mem. Supp. Mot. Stay 7.) Additionally, the Defendants candidly acknowledge that two other factors do not work in their

favor.  For example, the Defendants concede the *second* factor—whether the federal forum is an inconvenient one—because both parties conduct business in Maryland.  (*Id.* at 8.)  The Defendants also acknowledge that the *fifth* factor—whether the source of law is federal or state— works against abstention because of the presence of Plaintiff's Lanham Act claim.  (*Id.* at 10.)  Here, however, the Defendants understate the significance of this factor, asserting that it only works "slightly" in Plaintiff's favor, when in fact it works quite strongly in Plaintiff's favor.[4]  *See Moses H. Cone*, 460 U.S. at 25-26 (finding that "the presence of federal-law issues must always be a major consideration weighing against surrender").

      Additionally, the *fourth* and *sixth* factors do not counsel in favor of abstention.  The *fourth* factor—the order in which jurisdiction was obtained by the courts—scarcely works in favor of abstention because, at the time Plaintiff filed his Motion to Stay, only a scheduling order had been issued in the state action.  *See id.* at 21 (explaining that "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions").  The *sixth factor—*whether the state proceeding will adequately protect the rights of the parties seeking to invoke federal jurisdiction—is at best neutral.  The Defendants note that "[t]his [sixth] factor will only weigh in favor or against abstention when one of the forums is inadequate to protect a party's rights."  (Defs.' Resp Pl.'s Opp'n 10-11.)  That being the case, the Defendants have not claimed that this Court is an inadequate forum.  Moreover, the Plaintiff has filed Lanham Act claims that would not be settled for an indeterminate period of time if this Court abstained.

---

[4] Conversely, this Court has found that the absence of any federal issues "points forcefully toward abstention."  *Covance Labs., Inc. v. Orantes*, 338 F. Supp. 2d 613, 618 (D. Md. 2004) (citing *Automated Sys. & Programming, Inc. v. Cross*, 176 F. Supp. 2d 458, 463 (D. Md. 2001).

The thrust of Defendants' Motion to Stay is that the *third* factor—the desirability of avoiding piecemeal litigation—strongly supports abstention. The Defendants argue that the "central concern behind this consideration is the potential for inconsistent dispositions which could breed further litigation on claim and issue preclusion." (Defs.' Mem. Supp. Mot. Stay 8.) Under clear Supreme Court and Fourth Circuit precedent, however, the inherent difficulties associated with concurrent litigation are insufficient to warrant *Colorado River* abstention. In *Chase Brexton*, the Fourth Circuit held that the district court erred in finding that "disjointed and unreconcilable" results favored abstention. 411 F.3d at 465-66. The Fourth Circuit explained that "the threat of piecemeal litigation in the sense that two cases proceed simultaneously thus is not sufficient to support a decision to abstain under *Colorado River*." *Id. See also Colorado River*, 424 U.S. at 816 ("The mere potential for conflict in the results of adjudications, does not, without more, warrant staying exercise of federal jurisdiction."); *Gannett Co.*, 286 F.3d at 744 ("[F]or abstention to be appropriate, retention of jurisdiction must create the possibility of inefficiencies and inconsistent results beyond those inherent in parallel litigation, or the litigation must be particularly ill-suited for resolution in duplicate forums."). Consequently, the issues raised by the Defendants in this case—conservation of judicial resources, risk of inconsistent judgments, and the overlap of certain facts and issues—are alone insufficient for this Court to abstain from exercising its jurisdiction in this matter.[5]

---

[5] The Defendants allege in their Motion that the "Plaintiff's purpose in filing [this suit] is to harass the Defendants and manipulate the court system." (Defs.' Mot. Stay 1.) The Supreme Court has indicated that "the vexatious or reactive nature of either the federal or the state litigation may influence the decision whether to defer to a parallel state litigation under *Colorado River*." *Moses H. Cone*, 460 U.S. at 17 (dictum). The Defendants have not addressed this claim in their supporting memorandum and this Court has not found independent evidence of harassment in the record.

In short, this Court finds that the Defendants have not overcome the "heavily weighted" balance in favor of retaining jurisdiction, and therefore the Defendants have failed to establish the "extraordinary circumstances" necessary to justify *Colorado River* abstention.

## CONCLUSION

For the reasons stated above, the Defendants' Motion to Stay is DENIED. A separate Order follows.

/s/
Richard D. Bennett
United States District Judge

Date: December 20, 2007